IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER MANNERS, et al., )
individually and on behalf of all )
others similarly situated, )
)
             Plaintiffs, ) Civil Action No. 12-0442
)
    v. )
)
FIFTH THIRD BANK, et al., )
)
            Defendants. )

## MEMORANDUM

**Mark R. Hornak, United States District Judge**

    This is a putative class action for mortgage services fraud pursuant to the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq.. Plaintiff Christopher Manners, on behalf of himself and others similarly situated, claims that Defendants Fifth Third Bank and Fifth Third Mortgage Company (the mortgagee), Fifth Third Mortgage Reinsurance Company (the captive reinsurer), Radian Guaranty Inc., and Mortgage Guaranty Insurance Corporation (the primary mortgage insurers, or PMIs) engaged in an unlawful fee-splitting and kickback arrangement in connection with the Plaintiffs' residential mortgages. The Plaintiffs also bring a state-law unjust enrichment claim pursuant to 28 U.S.C. § 1367. They request treble damages, attorneys' fees, and costs. The Defendants have filed Motions to Dismiss (ECF Nos. 82, 89) in accordance with Federal Rule of Civil Procedure 12(b)(6),[1] arguing that the Plaintiffs'

---

[1] The FAC originally named as defendants three primary mortgage insurance companies which were not alleged to have sold primary mortgage insurance to any of the named Plaintiffs. Accordingly, those defendants moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) on jurisdictional grounds. The Plaintiffs later voluntarily terminated those defendants from the case (ECF Nos. 131, 132, and 136), thus rendering moot those portions of the motions to dismiss.

claims are untimely because they were brought outside of RESPA's one-year statute of limitations. See 12 U.S.C. § 2614.

This lawsuit is very closely related to another on this Court's docket, Menichino, et al. v. Citibank, N.A., et al., No. 12-cv-0058 (W.D.Pa. filed Jan. 13, 2012). The substantive claims and factual allegations are nearly identical, and many of the same counsel are involved. For substantially the same reasons set forth in that Opinion, the reasoning of which the Court incorporates by reference here, the Plaintiffs' have failed to sufficiently plead how equitably tolling applies to save their facially untimely claims.

## I. **DISCUSSION**

This action was originally filed on April 5, 2012. The Plaintiffs filed their First Amended Complaint ("FAC" or "Complaint," ECF No. 75) on September 28, 2012, and the Defendants filed separate Motions to Dismiss on November 28, 2012. As in Menichino, the Plaintiffs predicate their entitlement to equitable tolling on two grounds: (1) the Defendants' form mortgage documents and disclosures, which they allege actively misled them by creating the artifice of a seemingly legitimate business arrangement and made it impossible for them to uncover the fraud, despite their full and diligent participation in the loan process, and (2) the Defendants' customer service representatives' stonewalling them when they attempted to learn more about their mortgages. (FAC at ¶¶ 151-55.)

For substantially the same reasons discussed in Menichino, the Court finds that the Plaintiffs have successfully pled that Fifth Third's disclosure could be actively misleading.[2]

---

[2] Fifth Third's disclosure more fully states that the mortgagee or subsequent holder of the Plaintiffs' loans "may, directly or through an affiliated company [] enter into a reinsurance or other risk sharing agreement with the insurance company that will be providing mortgage insurance covering your loan. Under such an agreement [the reinsurer] may assume a portion of the risk associated with such mortgage insurance. In exchange for its assumption

2

Fifth Third's disclosure affirmatively states that the mortgagee's reinsurance subsidy would receive a portion of the Plaintiffs' monthly mortgage payment "[i]n exchange for its assumption of [reinsurance] risk." (FAC, Ex. 59.) Accepting as true the voluminous allegations regarding the "pay-to-play" scheme between the mortgagees and PMIs, such a disclosure would be actively misleading and affirmatively deceptive because no real risk was allegedly transferred between the parties to the captive reinsurance arrangement.

However, and as was the case in Menichino, the Plaintiffs here have failed to adequately plead the circumstances under which they became aware of the possible existence of their claims and why they could not have achieved this awareness during the limitations period and filed suit in a timely manner. The Complaint here states only that the "Plaintiffs were able to discover the underlying basis for the claims alleged herein only with the assistance of counsel." (Id. at ¶ 149.) Apart from this conclusory allegation about how (and not when) they may have learned that they had claims, the Complaint says nothing about what prompted the Plaintiffs' discovery or when it occurred, nor does it aver with any specificity why this was possible only several years after the limitations period expired.

Absent these facts, and as this Court held in Menichino, a determination cannot be made as to whether the Plaintiffs' alleged due diligence was, as a threshold legal matter, reasonable under the circumstances. The Complaint states that each named Plaintiff made one or two calls to their mortgagee and PMI, spoke with a customer service representative who could not answer their questions about captive reinsurance, and then stopped investigating. (FAC at ¶¶ 151-55.)

---

of such risk, [the reinsurer] may receive a percentage of the mortgage insurance premium paid to obtain the mortgage insurance covering your loan. The reinsurance of other such risk sharing agreement would not increase the mortgage insurance premium you pay or increase the period for which mortgage insurance is required. If you do not want the mortgage insurance on your loan to be reinsured or included in the risk sharing agreement in this manner, please send a letter to that effect to us at the address listed below." (ECF No. 75, Ex. 59.)

In the case of named Plaintiffs Brent and Rosemary Shank, after the Shanks say they were informed by a customer service representative at Fifth Third that their mortgage was insured by Radian Guaranty, Plaintiffs' counsel contacted counsel for Radian to confirm that this was the case, yet they allege that no reply was ever provided. (FAC at ¶ 154.) Although there may be truth in the Plaintiffs' generalized allegation that the average consumer "is neither an insurance expert nor a reinsurance expert" (FAC ¶ 160), such expertise is not required to state how and when the Plaintiffs became aware of the possible existence of their claims and why contacting only customer service representatives several years after they fully read their closing documents was reasonable due diligence, and why they could not have done this within the limitations period. Without these basic facts – all of which, if they existed, were in the Plaintiffs' possession when they filed the Complaint – the Court cannot determine whether discovery could plausibly show that their untimely claims should be equitably tolled.

## II. CONCLUSION

For the reasons discussed above and as set forth in this Court's opinion in Menichino, Plaintiffs' RESPA and supplemental unjust enrichment claims will be dismissed without prejudice. An appropriate order follows.

Mark R. Hornak
United States District Judge

Dated: July 19, 2013

4