# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER MANNERS, et al., individually and on behalf of all others similarly situated, | ) ) ) ) Civil Action No. 2:12-cv-00442 |
| Plaintiffs, | ) ) Judge Mark R. Hornak |
| v. | ) |
| FIFTH THIRD BANK, et al., | ) |
| Defendants. | |

## MEMORANDUM

**Mark R. Hornak, United States District Judge**

This is a putative class action for mortgage services fraud pursuant to the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.* Plaintiff Christopher Manners, on behalf of himself and others similarly situated, alleges that Defendants Fifth Third Bank and Fifth Third Mortgage Company (the mortgagee), Fifth Third Mortgage Insurance Reinsurance Company (the captive reinsurer), Radian Guaranty Inc., and Mortgage Guaranty Insurance Corporation (the primary mortgage insurers, or PMIs) engaged in an unlawful fee-splitting and kickback arrangement in connection with Plaintiffs' residential mortgages. Plaintiffs also bring a state-law unjust enrichment claim pursuant to 28 U.S.C. § 1367. They request treble damages, attorneys' fees, and costs. Defendants have filed Motions to Dismiss in accordance with Federal Rule of Civil Procedure 12(b)(6) (ECF Nos. 167 and 169), arguing that Plaintiffs' claims are untimely because they were brought outside of RESPA's one-year statute of limitations. *See* 12 U.S.C. § 2614.

This lawsuit is very closely related to another on this Court's docket, *Menichino, et al. v. Citibank, N.A., et al.*, No. 12-cv-0058 (W.D. Pa. filed Jan. 13, 2012). The substantive claims and factual allegations are nearly identical, and many of the same counsel are involved. For substantially the same reasons set forth in that Opinion, the reasoning of which the Court incorporates by reference here, Plaintiffs have pled facts sufficient to equitably toll the statute of limitations, and Defendants' Motions to Dismiss will be denied.[1]

I. **DISCUSSION**

This action was originally filed on April 5, 2012. Plaintiffs subsequently filed a First Amended Complaint ("FAC") (ECF No. 75) on September 28, 2012. Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants moved to dismiss the FAC on November 28, 2012, which the Court granted without prejudice on July 19, 2013 on the grounds that Plaintiffs had not set forth facts sufficient to plead an entitlement to equitable tolling. *See* Memorandum, ECF No. 162; *Menichino v. Citibank, N.A.*, 2013 WL 3802451 (W.D. Pa. Jul. 19, 2013). Consistent with the Court's Order (ECF No. 163), Plaintiffs timely filed their Second Amended Complaint ("SAC"), ECF No. 164, on August 16, 2013, which Defendants moved to dismiss on September 17, 2013.

In its previous Memorandum in this matter, this Court held, in conjunction with its Opinion in *Menichino*, that Plaintiffs had adequately pled the active misleading component of equitable tolling, but failed to plausibly show that they were not on inquiry notice or that their alleged due diligence was reasonable. Memorandum, ECF No. 162, at 3-4; *Menichino*, 2013 WL 3802451, at *9. Consequently, the Court granted Plaintiffs leave to re-plead these two elements in a SAC.

---

[1] The parties have provided Notices of Supplemental Authority, ECF Nos. 174 and 176, identifying *Cunningham v. M&T Bank Corp.*, 2013 WL 5876337 (M.D. Pa. Oct. 30, 2013), and *Riddle v. Bank of Am. Corp.*, 2013 WL 6061363 (E.D. Pa. Nov. 18, 2013), as noteworthy decisions for the Court to consider as to the Motions to Dismiss. For the reasons stated in the Court's Opinion in *Menichino*, neither case alters its conclusion.

2

Plaintiffs made no changes to the facts pled with respect to active misleading. Thus, that ruling need not be revisited. *See Hamilton v. Leavy*, 322 F.3d 776, 786 (3d Cir. 2003) ("The law of the case doctrine 'limits relitigation of an issue once it has been decided' in an earlier stage of the litigation." (quoting *In re Continental Airlines, Inc.*, 279 F.3d 226, 232 (3d Cir. 2002)).

Unlike the FAC, the SAC sets forth the date that each Plaintiff received a notice of investigation from counsel; the date that each Plaintiff consented to counsel's representation; the date each Plaintiff consented to counsel's representation; the dates each Plaintiff contacted their mortgagee and PMI to learn whether their mortgage had been reinsured; and what the Plaintiffs were told (or, more to the point, not told) by their mortgagee and PMI's representatives in response to the notice. ECF No. 164 at ¶¶ 145-195.

The SAC also alleges that none of the disclosures, correspondence, or monthly billing statements that Plaintiffs received from either their mortgagee or PMI after closing advised them that a portion of their monthly mortgage payments were financing reinsurance premiums or indicated that mortgages were ever actually reinsured, which the mortgagee's own customer service representatives could not confirm when Plaintiffs contacted them in response to receiving the notice from counsel. *Id.* As this Court held in *Menichino*, viewed in the light most favorable to Plaintiffs, these allegations are sufficient to plead that Plaintiffs were no on inquiry notice of the possible existence of their claims and that their lack of due diligence during the limitations period was reasonable under the circumstances. However, the Court's ruling on this issue does not prejudice Defendants from re-raising the affirmative defense of the statute of limitations on a more fully developed record at summary judgment.

As to Plaintiffs' substantive claim of a RESPA violation, as this Court held in *Menichino*, the SAC pleads such a violation that is plausible on its face. The SAC alleges that, in exchange

for a steady stream of primary mortgage insurance business from the mortgagee, the PMIs remitted kickbacks, dressed up as "reinsurance premiums," to the mortgagee through their reinsurance subsidiaries. The source of the purported kickback funds was a portion of the monthly mortgage premium that the plaintiffs remitted to their mortgagees. In support of their allegation that no real risk was transferred between the PMIs and captive reinsurers, the Plaintiffs refer to the terms of the reinsurance contracts, which they contend provided no recourse to the PMIs in the event that the reinsurers did not maintain adequate funds in reserve to pay claims, as well as to the purportedly low dollar value of claims paid by the reinsurers versus the amount of reinsurance premium remitted by the PMIs. ECF No. 164 at ¶¶ 4-6, 82-85, 108-09. The Complaint supports these allegations with details from the Defendants' public filings. As in *Menichino*, these factual allegations are sufficient at this stage of the litigation to plead a violation of RESPA's prohibition on kickbacks and unearned fees.

Finally, as was this Court's holding in *Menichino*, Plaintiffs' supplemental unjust enrichment claim survives. Since Plaintiffs were only in privity of contract with the mortgagee, and had no involvement in or rights or obligations under the subsequent contracts that give rise to the crux of the dispute, they have sufficiently pled that there was no contract between themselves and the parties to the purported kickback scheme that is on point or otherwise governs the disputed transaction. Accordingly, Plaintiffs have met their pleading burden as it exists at this point.

## II. **CONCLUSION**

For the reasons discussed above and as set forth in this Court's opinion in *Menichino*, Defendants' Motions to Dismiss (ECF Nos. 167 and 169) will be denied. An appropriate Order will follow.

                                                 Mark R. Hornak
                                                 United States District Judge

Dated: February 5, 2014

cc: All Counsel of Record